ANNE B. RAFTERY, ADMINISTRATRIX OF THE ESTATE OF ALLEN G. RAFTERY, DECEASED v. WM. C. VICK CONSTRUCTION CO. AND CLARK EQUIPMENT COMPANY, A CORPORATION

No. 7511SC932

(Filed 19 May 1976)

Death § 4; Limitation of Actions § 4— wrongful death — defective product — statute of limitations

A cause of action for wrongful death alleged to have resulted from a hidden defect in a product accrues at the time of decedent's death rather than at the time the product was sold; therefore, a wrongful death action based on an alleged defect in a crane was not barred by the statute of limitations where it was brought within two years after decedent's death, G.S. 1-53(4), although it was brought more than ten years after the crane was sold and an action by decedent, had he not been killed, would have been barred by G.S. 1-15(b).

APPEAL by plaintiff from Brewer, Judge. Judgment entered 7 August 1975 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 11 March 1976.

This action for wrongful death arose from alleged negligent acts by defendants in the design, manufacture and sale of a crane which on 14 June 1972 collapsed and fell on decedent, causing his death. On 12 June 1974 this action was commenced.

The equipment involved is a crane manufactured by Michigan Power Shovel Company and sold through its distributor, North Carolina Equipment Company, to J. M. Thompson Company of Raleigh on 23 June 1953. The crane, serial number 8298, was used by the J. M. Thompson Company until 1966 when Thompson Company sold it to Roger K. Barbour.

On 16 September 1974, defendant Clark Equipment Company moved for summary judgment on grounds that the plaintiff's action was barred by the statute of limitations. In support of its motion Clark Equipment Company submitted affidavits stating that the crane had been sold by Michigan to a Raleigh firm in 1953, and that the crane was new at that time; and that since 1953 neither Michigan nor Clark had owned the crane, done any work on it, or had any possession of the crane. Plaintiff submitted no proof in opposition to the summary judgment motion.

A voluntary dismissal pursuant to G.S. 1A-1, Rule 41(a), was entered by plaintiff as against Vick Construction Company, and the trial court granted summary judgment for defendant Clark Equipment Company.

*Hedrick, McKnight, Parham, Helms, Kellam & Feerick, by Richard T. Feerick, for plaintiff appellant.*

*Maupin, Taylor & Ellis, by Armistead J. Maupin and Richard M. Lewis, for defendant appellee.*

ARNOLD, Judge.

In an action for wrongful death alleged to have resulted from a hidden defect in a product, does the cause of action accrue at the time the product is sold, or at the time of decedent's death? That is the question raised by this appeal.

It is alleged by plaintiff that decedent was killed as a result of a hidden defect in a crane. Plaintiff contends that under G.S. 1-53(4) the limitation period for wrongful death is two years, and she contends further that her cause of action accrued, not when the crane was sold in 1953, but when decedent died [14 June 1972].

Defendant maintains that a cause of action for wrongful death resulting from a defective product accrues when the defective product is sold. In support of this position defendant

argues that if the action does not accrue until death occurs an action could be brought against a seller of a defective product one hundred years after it was sold, if the product does not malfunction and cause death until one hundred years have elapsed.

According to defendant, an action for wrongful death is governed not only by G.S. 1-53(4) but also by the statute of limitations which would have applied in a similar action brought by decedent himself had he lived. Defendant relies on G.S. 28-173 [now G.S. 28A-18-2] which provides: "When the death of a person is caused by a wrongful act, neglect or default of another, *such as would, if the injured party had lived, have entitled him to an action for damages therefor,* the person or corporation that would have been so liable . . . shall be liable to an action for damages . . . . " (emphasis added). The limitation period for tort actions based on hidden defects in products is ten years. G.S. 1-15(b). Had decedent not been killed, but only injured by the collapse of the crane, his action against defendant would have been barred by G.S. 1-15(b), and defendant, therefore, argues that plaintiff's action for wrongful death ought to be barred.

While we are persuaded by the logic of defendant's arguments we are nevertheless bound by *Causey v. R. R.,* 166 N.C. 5, 81 S.E. 917 (1914). In *Causey v. R. R., supra,* there was an action for wrongful death of plaintiff's intestate who was injured on 1 December 1903, and died on 7 June 1912. There was evidence to support a finding that the injury in 1903 caused the death of the intestate. It was held in *Causey* that the cause of action accrued at the death of the intestate.

Plaintiff also cites *Williams v. General Motors Corporation,* 393 F. Supp. 387, 395-396 (1975), in which pertinent comment is made of the *Causey* decision.

" . . . *Causey* holds that an administrator may bring an action even though the deceased would have been barred at the time of his death from bringing the action while N.C.G.S. § 28-173, on the other hand, requires that the cause of action, in order to be brought by the administrator, must have been one which the deceased had the right to bring at the time of his death. The above-quoted phrase from N.C.G.S. § 28-173 was in basically the same form in 1914 when *Causey* was handed down that it is today and

thus it cannot be said that the conflict exists because the North Carolina Supreme Court was construing a different statute."

Based on the authority of *Causey v. R. R.*, *supra*, entry of summary judgment for defendant was error. Judgment is therefore vacated and the cause is remanded for further proceedings.

Vacated and remanded.

Judges MORRIS and CLARK concur.